Filed 1/8/26  Diamond PEO v. Accurate Connections CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| DIAMOND PEO, LLC, | G064290 |
| Plaintiff and Appellant, | (Super. Ct. No. 30-2019-01082775) |
| v. | O P I N I O N |
| ACCURATE CONNECTIONS, LLC, | |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Theodore R. Howard, Judge. Affirmed. Motion to dismiss denied. Motion for sanctions denied.

Roxborough, Pomerance, Nye & Adreani, Michael B. Adreani, Joseph C. Gjonola and Laura H. Park for Appellant.

Law Office of Drew Petersen and Gordon Andrew Petersen for Respondent.

Plaintiff Diamond PEO, LLC, appeals from a judgment awarding attorney fees to defendant Accurate Connections, LLC, pursuant to Code of Civil Procedure section 998.[1] Diamond contends it was entitled to obtain a more favorable judgment than the section 998 offer because the trial court should have calculated prejudgment interest at seven percent instead of three percent. But Diamond submitted two stipulated judgments to the court calling for three percent interest before suddenly submitting a new judgment calling for seven percent interest. By awarding interest at three percent, the court impliedly found signing the seven percent judgment was clerical error. We see no abuse of discretion in that decision and affirm.

FACTS

Diamond sued Accurate for breaching a promissory note that required Diamond to repay $20,000 "with interest accruing on the unpaid balance at a rate of 3 percent (%) per annum . . . ." If Accurate "fail[ed] to pay the note in-full . . . , [the] unpaid principal [would] accrue interest at the maximum rate allowed by law, until [Accurate] [wa]s no longer in default."

Accurate made an offer to compromise the dispute pursuant to section 998 for $20,665. Diamond did not accept the offer.

The parties ultimately resolved their dispute. Diamond drafted a proposed judgment, got Accurate to approve it as to form, and submitted it to the court. In its opening brief, Diamond calls this a "stipulated judgment." It called for prejudgment "Interest at 3%":

---

[1] All undesignated statutory references are to this code.



**(Above: Initial Proposed Judgment)**

The court did not sign Diamond's initial proposed judgment.

The court later signed an amended judgment proposed by Diamond, adding two alter-ego defendants after a contested hearing. The amended judgment contains the exact same table as the initial proposed judgment providing for "Interest at 3%."



**(Above: Amended Judgment)**

While Diamond's and Accurate's competing attorney fee motions were pending, Diamond filed a *new* proposed judgment still captioned "Amended Judgment" that changed "Interest at 3%" to "Interest at 7%." Diamond submitted this to the court without any accompanying motion, ex

parte application, brief, or explanatory declaration. A footnote stated: "Pursuant to ¶4 of the agreement between the parties (executed Promissory Note) and *Cal. Civ. Code §1916-1*."[2]



**(Above: Seven-percent Judgment)**

The court signed the seven percent judgment; Accurate filed an objection the next day. Accurate noted "the terms of the submitted Amended Judgment do not comport with the Stipulated Judgment entered into by and between the parties in this case, and it unilaterally seeks to include additional damages, in the form of prejudgment interest, which was not agreed to, . . . without any motion being made, [and without] giving Defendants an opportunity to submit opposition and be heard."

Neither of the parties' briefs on their competing motions thereafter mentioned the seven percent judgment. Diamond did assert the

---

[2] At oral argument, Diamond's counsel represented that the seven percent judgment was "provided by [his] client to the judge, with an explanation," which he "believe[d]" was contained in "a cover page or in the pleading." He provided a record citation. We checked and found no cover page or explanation except this terse footnote.

court should award prejudgment interest at seven percent as the "'maximum rate allowed by law.'" (Boldface omitted.)

When ruling on the attorney fee motions, the trial court calculated Diamond's prejudgment interest at three percent. It explained Diamond's request for seven percent interest "ignores the express language of the judgment, which provides for interest at 3% . . . ." It cited "ROA 207"— the amended judgment. The court concluded Diamond had not obtained a better result than Accurate's section 998 offer. Diamond "received a judgment for $20,609.55, plus costs and fees," which was "less than Accurate's section 998 offer of $20,665.00, plus costs and fees."

The court offset Diamond's recovery on the note, prejudgment interest, and preoffer attorney fees and costs against Accurate's postoffer attorney fees and costs. (See Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2024) ¶ 12:648.6, p. 51 [depending on the 998 offer, a prevailing plaintiff may recover preoffer attorney fees and costs while the defendant recovers postoffer attorney fees and costs].) The court entered a "Second Amended Judgment" in April 2024 awarding over $12,000 to Accurate. (See § 998, subd. (e) [judgment for "net amount . . . shall be entered"].)

DISCUSSION

We disagree with Diamond's claim that it (not Accurate) should have recovered postoffer attorney fees and costs because it was entitled to $1,430.69 in prejudgment interest at seven percent, which would have resulted in a $21,430.69 judgment that exceeded Accurate's $20,665.00 section 998 offer.

The parties were free to settle their dispute on any terms they wanted—they chose $20,000 plus prejudgment interest at three percent.

5

Diamond drafted and submitted the initial proposed judgment, which it calls a "stipulated judgment," providing for three-percent interest. Accurate approved the initial proposed judgment "as to Form." The court later signed the amended judgment, drafted and submitted by Diamond, also providing for three-percent interest.

That should have been the end of the story. Diamond twice told the court to award it three-percent prejudgment interest; the court entered judgment accordingly. (See *Aguilar v. Lerner* (2004) 32 Cal.4th 974, 986–987 [judicial estoppel elements]; see also *Diaz v. Professional Community Management, Inc.* (2017) 16 Cal.App.5th 1190, 1204 [invited error doctrine "'prevent[s] a party from misleading the trial court and then profiting therefrom in the appellate court'"; see also *Burton v. Cruise* (2010) 190 Cal.App.4th 939, 945 [party cannot "blow hot and cold" on litigation maneuvering].)

We see no reason the court was bound to honor the seven-percent judgment.[3] Diamond submitted it to a busy trial court with little fanfare. It was captioned "AMENDED JUDGMENT" just like the already-signed judgment—it wasn't called a "revised amended judgment" or "second amended judgment." Diamond did not place the matter on calendar by filing a motion or ex-parte application asking the court to correct or supersede the amended judgment. Diamond offered no brief or declaration explaining why the court should enter a new judgment with an increased interest rate. Diamond drew as little attention as possible to the unilateral change in

---

[3] We also see no reason to address Diamond's claim the trial court should have applied an interest rate of 10 percent.

6

interest rate, which was not highlighted or bolded, with a short and cryptic footnote.

By calculating interest at three percent and expressly referring to the amended judgment, the court implicitly treated its signing of the seven-percent judgment as a correctible clerical error. (See § 473, subd. (d).) "If a trial judge through inadvertence or mistake signs an order different from that which he intended because of the error of an attorney draftsman, it may readily be corrected. [Citation.] 'In these times busy judges must of necessity rely heavily upon the attorneys to prepare orders and judgments accurately . . . .'" (*Hennefer v. Butcher* (1986) 182 Cal.App.3d 492, 507.)[4] If the court inadvertently signed the seven-percent judgment because Diamond drew little attention to its unilateral change in interest rate, we commend the court for catching the mistake and correcting it. We regret only that Diamond chose a path that made the mistake so easy to make.

Finally, we find no timing errors. Accurate timely filed its attorney fee motion within 60 days after notice of entry of the amended judgment. (See Cal. Rules of Court (CRC), rule 3.1702; see also *Robinson v. U-Haul Co. of California* (2016) 4 Cal.App.5th 304, 326–327 [court discretion to extend time for fee motion].) Diamond timely appealed within 60 days after notice of entry of the second amended judgment memorializing the attorney

---

[4] At oral argument, Accurate noted that Diamond proposed the seven-percent judgment "out of the blue," without "instruction, not part of an order, not part of a motion." In his attempt to defend the maneuver, Diamond's counsel conceded that a court can fix its own clerical error.

7

fee award. (§ 904.1, subd. (a)(1); CRC, rule 8.104(a)(1)(B).) We therefore deny Accurate's motion to dismiss and motion for sanctions.[5]

DISPOSITION

The judgment is affirmed. Accurate shall recover its costs on appeal. (CRC, rule 8.278(a)(2).)


SCOTT, J.

WE CONCUR:


GOODING, ACTING P. J.


BANCROFT, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

---

[5] Accurate also moves to dismiss the appeal as being from a stipulated judgment. We see Diamond permissibly appealing from the court's refusal to apply the disputed seven-percent judgment, not impermissibly appealing from the agreed-upon amended judgment.